# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MELVIN JEFFERSON,

        Petitioner,                Case Number: 07-CV-13179

v.                                 HON. JOHN CORBETT O'MEARA

C. EICHENLAUB,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Melvin Jefferson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the Federal Bureau of Prisons' (BOP) regulations and policies which limit the placement of federal prisoners in community corrections centers (CCCs), also known as residential reentry centers (RRCs). Respondent has filed a response in opposition.

**I.**

On January 3, 2002, Petitioner was sentenced in the United States District Court for the Eastern District of Wisconsin to 91-months imprisonment and three years' supervised release for unlawful transport of firearms. Petitioner has been informed by the BOP that he will not be considered for CCC placement prior to the last 10% of his sentence. Petitioner argues that the BOP policy and regulations limiting his CCC placement are invalid and violate his rights to Equal Protection and Due Process. He seeks immediate consideration for CCC placement.

**II.**

A court may *sua sponte* raise the question of jurisdiction. Berger v. Cuyahoga County Bar Assoc., 983 F.2d 718, 721 (6th Cir. 1993). The Court, therefore, *sua sponte* raises the issue of mootness. *See* Medberry v. Crosby, 351 F.3d 1049, 1054 n.3 (holding that, because mootness "strik[es] at the heart of federal subject matter jurisdiction" it may be raised *sua sponte*) (internal quotation omitted).

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

The Federal Bureau of Prisons maintains an Inmate Locator Service, which may be accessed through the Bureau of Prisons' official website (www.bop.gov). The Inmate Locator Service enables the public to track the location of federal inmates. The Court is permitted to take judicial notice of information on the Inmate Locator Service. *See* Fed. R. Evid. 201(c); Marshek v. Eichenlaub, No. 07-1246, 2008 WL 227333, *1 (6th Cir. January 25, 2008); Hill v. Eichenlaub, No. 06-CV-13711, 2007 WL 772913, * 1 (E.D.Mich. March 12, 2007). The Inmate Locator Service indicates that Petitioner is now released to a community corrections center. The relief Petitioner seeks in his habeas petition is an order from this Court requiring the BOP to consider him for transfer to a CCC. Because Petitioner has been placed in a CCC, the Court concludes that there remains no actual injury which the Court could redress with a favorable decision. *Accord* Cox v. Eichenlaub, No. 06-13538, 2008 WL 251695, *1 (E.D. Mich. January

30, 2008) (holding that petitioner's placement in a CCC rendered moot challenge to BOP's policy preventing his transfer to CCC); Elwood v. Sanders, 152 Fed. Appx. 558 (8th Cir. Nov. 2, 2005) (same); Chhibba v. Fed. Bureau of Prisons, 154 Fed. Appx. 279 (3d Cir. Oct. 19, 2005) (same); Vega-Rosado v. Ledezma, No. 06-1269, 2006 WL 2927322 (D. Puerto Rico Oct 11, 2006) (same). The matter, therefore, shall be dismissed as moot.

### III.

The Court finds that the petition no longer presents a justiciable case or controversy. Therefore, **IT IS ORDERED** that the matter is **DISMISSED.**

                              s/John Corbett O'Meara
                              United States District Judge

Date: May 8, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 8, 2008, by electronic and/or ordinary mail.

                              s/William Barkholz
                              Case Manager